UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL MYERS,<br><br>        Plaintiff,<br><br>vs.<br><br>SHERIFF DOUGLAS GILLESPIE, *et al.*,<br><br>        Defendants. | Case No. 2:13-cv-0601-PMP-NJK<br><br>**ORDER** |

    Plaintiff, who is a detainee at the Clark County Detention Center has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (ECF No. 1-1) and an application to proceed *in forma pauperis*. The Court finds that Plaintiff is unable to make an initial installment payment. However, pursuant to 28 U.S.C. § 1915, Plaintiff will be required to make monthly payments toward the full filing fee of one hundred fifty dollars ($350.00) when he has funds available.

    The complaint is subject to the provisions of the Prisoner Litigation Reform Act as discussed below.

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

    Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir.

1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is

insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Discussion**

Count One

In count one of the complaint, plaintiff claims he has been denied proper medical care after he slipped and suffered and injury "due to inadequate footwear" in violation of his Constitutional rights. However, the date of this occurrence was state to be in early November, 2010.

Section 1983 does not contain a specific statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991). The Supreme Court has determined the appropriate statute of limitations for all § 1983 claims, regardless of the facts or legal theory of the particular case, is the forum state's statute of limitations for personal injury actions. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.) (per curiam), *cert. denied*, 493 U.S. 860 (1989). The statute

of limitations in Nevada for personal injuries is two years. *See* Nev. Rev. Stat. § 11.190(4)(e).

Federal law governs the point at which a cause of action accrues and the statute of limitations begins to run. *Vaughan*, 927 F.2d at 480. Under federal law, a cause of action accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Norco Constr., Inc. v. King County*, 801 F.2d 1143, 1145 (9th Cir. 1986*); Cline v. Brusset*, 661 F.2d 108, 110 (9th Cir. 1981).

Because the injury suffered by plaintiff and the allegations related to the denied medical care are things that plaintiff was aware of when they occurred, the limitations clock began to run in "early November 2010 and expired in early November 2012. This complaint was not submitted for filing until April 4, 2013. Complaint at 9. This claim must be dismissed as the statute of limitations on § 1983 claims has expired.

Count Two

Next plaintiff alleges that he saw a doctor and was diagnosed with a hernia on October 17, 2011, as a result of his slip and fall in November 2010. He contends that the doctor advised him that hernia repair was "strictly cosmetic and that CCDC is not obligated to fix cosmetic issues." Plaintiff claims that he has been prescribed Ibuprofen for the pain that he suffers because of the hernia, but that the medication is inadequate. Plaintiff alleges these facts evidence a violation of his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments.

A state actor's failure to provide a prisoner with proper medical care comes under the Eighth Amendment, which proscribes cruel and unusual punishment.[1]

The government has an obligation under the Eighth Amendment to provide medical care for

---

[1] CCDC houses both pre-trial detainees and persons convicted of misdemeanor charges. "Pretrial detainees...possess greater constitutional rights than prisoners." *Stone v. City of San Francisco*, 968 F.2d 850, 857 n.10 (9th Cir. 1992); *see also Gary H. v. Hegstrom,* 831 F.2d 1430, 1432 (9th Cir. 1987). A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth amendment jurisprudence when analyzing the rights of pretrial detainees. *See Pierce v. County of Orange,* 526 F.3d 1190, 1205 (9th Cir. 2008); *Lolli v. County of Orange,* 351 F.3d 410, 418-19 (9th Cir. 2003); *Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th Cir. 2002). Plaintiff does not indicate whether he is a pre-trial detainee or is serving a sentence at CCDC. In relation to this claim, the analysis would be the same in either case.

those whom it punishes by incarceration. *See Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988) (citing *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976)). "But not every breach of that duty is of constitutional proportions. In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a deliberate indifference to serious medical needs of prisoners.'" *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Hutchinson*, 838 F.2d at 394).

Examples of serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir.1992). Plaintiff's hernia may be said to be such an injury in light of the continual pain he alleges he suffers.

However, because he has been treated with medication for the pain, he has not shown that the defendants were deliberately indifferent to his serious medical need, only that he disagrees with the treatment or that the doctor has been negligent in the treatment. *See Estelle,* 429 U.S. at 104, 97 S.Ct. 285); *See Toguchi v. Chung,* 391 F.3d 1051, 1058 (9th Cir. 2004) (A difference of opinion between the physician and the prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs). This claim will be dismissed. However, plaintiff will be given an opportunity to amend the claim if he believes he can state additional facts which demonstrate that the condition, if not treated with surgery, will be life threatening.

Count Three

In this count, plaintiff claims a violation of his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights when he was not allowed to be present at a court hearing in a civil matter (medical malpractice) he had filed. He alleges that, although he was transported to the courthouse for the mandatory hearing, he was left in a holding cell while the guard made a phone call to an unknown party. Plaintiff was not taken into the hearing and was returned to CCDC. He alleges that he later received notice that because he had not attended the hearing, his case had been dismissed.

1    It is well established that prisoners retain a First Amendment right to access the courts to attack their conviction or sentence, either directly or collaterally, as well as to attack the conditions of their confinement. *Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174 (1996); *see also Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 579-80, 94 S.Ct. 2963 (1974); *Johnson v. Avery*, 393 U.S. 483, 490, 89 S.Ct. 747 (1969). These cases address the requirement for prison officials to assist the inmates by providing adequate law libraries or adequate assistance from persons trained in the law. *Bounds,* 430 U.S. at 828, 97 S.Ct. 1491; *see also Lewis*, 518 U.S. at 355, 116 S.Ct. 2174; *Wolff*, 418 U.S. at 579–80, 94 S.Ct. 2963; *Johnson*, 393 U.S. at 490, 89 S.Ct. 747.

This right is limited to the pleading stage. *Lewis,* 518 U.S. at 384, 116 S.C. 2174. the "pleading stage" encompasses the preparation of a complaint and the preparation of any filings necessary "to rebut the State's arguments when a court determines that a rebuttal would be of assistance." *Cornett v. Donovan,* 51 F.3d 894, 899 (9th Cir. 1995).

Apart from their retained right to access the courts to attack their convictions and the conditions of their confinement, *id.*, prisoners also retain a First Amendment right to "file other civil actions in court that have a reasonable basis in law or fact. *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (citing *Snyder v. Nolan*, 380 F.3d 279, 291 (7th Cir. 2004)(prisoner claimed his federal constitutional right of access to the courts and substantive due process were violated when prison official refused to file a petition for divorce and for a protective order against his wife); *see McDonald v. Smith*, 472 U.S. 479 , 484, 105 S.Ct. 2787, (1985); *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741, 103 S.Ct. 2161 (1983); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609 (1972). This right is violated if prison officials interfere with the prisoner's attempts to litigate his civil claims by "erect[ing] barriers that impede the right of access of incarcerated persons." *John L.v. Adams,* 969 F.2d 228, 235 (6thCir. 1992); *Snyder*, 380 F.3d at 291.

1   This right to pursue civil claims without interference has been extended beyond the pleading
2   stage in cases alleging active interference by prison officials.  *Silva,* 658 F.3d at 1103-04 (prisoner
3   claimed his attempts to expose prison officials misconduct and law violations were hindered by prison
4   officials through seizure of his legal files and repeated transfers); *see, e.g., Vigliotto v. Terry*, 873 F.2d
5   1201, 1202 (9th Cir.1989) ("a defendant is deprived of due process if prison authorities confiscate the
6   transcript of his state court conviction before appeal"); *DeWitt v. Pail*, 366 F.2d 682, 685 (9th Cir.1966)
7   ("When the efforts of a state prisoner to obtain an available appellate review of his conviction are
8   frustrated by the action of penal officials, there has been a violation of the Due Process Clause of the
9   Fourteenth Amendment").

10  Thus, plaintiff has stated a claim under the First and Fourteenth Amendments where his civil case
11  was dismissed as a result of c/o Christopherson failing or refusing to allow plaintiff to attend the required
12  court hearing, even though they had transported him to the court for that purpose. However, plaintiff did
13  not identify the correctional officer as a defendant and he offers no facts to demonstrate how any of the
14  named defendants were responsible for this violation.  Therefore, the claim will be dismissed with leave
15  to amend to allow plaintiff to identify the proper defendant.

16  **III.     Conclusion**

17  The Court finds that Plaintiff is unable to make an initial installment payment.  However,
18  pursuant to 28 U.S.C. § 1915, Plaintiff will be required to make monthly payments toward the full filing
19  fee of one hundred fifty dollars ($350.00) when he has funds available.

20  The complaint will be filed and count one will be dismissed with prejudice as untimely.  Plaintiff
21  will be given an opportunity to amend counts two and three to correct the deficiencies that have been
22  identified in this order.

23  If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he
24  should specifically identify each defendant to the best of his ability, clarify what constitutional right he
25  believes each defendant has violated and support each claim with factual allegations about each
26

7

defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* without having to prepay the full filing fee is **GRANTED**; Plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee of three hundred fifty dollars ($350.00) shall still be due, even if this action is dismissed, pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, the **Clark County Detention Center** shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the prisoner's account (in months that the account exceeds $10.00) until the full three hundred fifty dollar ($350.00) filing fee has been paid for this action. If Plaintiff should be transferred and become under the care of

1  the Nevada Department of Prisons, the **Clark County Detention Center** Accounting Supervisor is
2  directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada
3  Department of Prisons, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has
4  paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk
5  shall send a copy of this order to the **Clark County Detention Center** Accounting Supervisor, 330 S.
6  Casino Center Blvd., Las Vegas, NV 89101.

7  **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint. Count one
8  is **dismissed with prejudice.** Counts two and three are dismissed without prejudice and with leave to
9  amend.

10  **IT IS FURTHER ORDERED** that the Clerk shall send plaintiff a copy of the form and
11  instructions for filing a section 1983 action. Plaintiff shall have thirty days from entry of this order to
12  file his amended complaint, which shall be identified as "First Amended Complaint" and shall be
13  identified with the case number assigned to this matter. Failure to timely file the amended complaint
14  may result in the action being dismissed.

15  Dated this _1st day of July, 2013.

17  _____
    UNITED STATES DISTRICT JUDGE